Filed 6/2/21  In re Luis G. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re LUIS G., a Person Coming Under the Juvenile Court Law. | B308362 |
| ——————————————— LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent,  v.  MICHELLE J.,  Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20CCJP02985) |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Appeal dismissed.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

———————————————

Appellant Michelle J. (Mother) is the mother of Luis G. Mother and Luis's father, J.G. (Father), lived apart and, sometime prior to May 2020, the parents agreed that Luis would live with Father.

On June 2, 2020, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition under Welfare and Institutions Code[1] section 300, subdivision (b), alleging that Father's use of methamphetamine rendered him incapable of providing regular care and supervision of Luis, endangered Luis's physical health and safety, and placed Luis at risk of serious physical harm and danger.

At the detention hearing held on June 5, 2020, DCFS recommended that the court detain Luis in the care of Mother "with an arrangement made by . . . [M]other for the child to stay with the [m]aternal [g]randmother." The court agreed, directing that Luis be released to Mother, noting that Mother "has made a plan that the child reside with the maternal grandmother and the maternal uncle just because of space limitations."

At the jurisdiction hearing held on October 22, 2020, Father pleaded no contest to the allegation under section 300, subdivision (b)(1), concerning his substance abuse. The court found that Luis is a person described by section 300.

The court proceeded to the disposition hearing. Mother requested that the court terminate jurisdiction with a family law order giving sole custody to her. DCFS and counsel for Luis opposed the request. After hearing argument, the court denied the request.

---

[1] Subsequent unspecified statutory references are to the Welfare and Institutions Code.

The court then declared Luis to be a dependent of the court and ordered that Mother have physical custody of Luis under DCFS's supervision, allowing Luis to remain with maternal grandmother. The court ordered Mother to participate in family maintenance services, including conjoint counseling with Luis, and ordered Father to participate in family enhancement services, including substance abuse programs, parenting programs, and counseling. The court also permitted Father to have monitored visits with Luis three times per week.

The court set a six-month review hearing for April 21, 2021.

Mother appealed. She argued that once the court placed Luis in her custody and the child was residing in the maternal grandmother's home, he was safe, cared for, and no longer neglected or at risk of serious harm; the court, she argued, therefore erred in failing to terminate its jurisdiction.

On April 21, 2021, at the six-month review hearing, the juvenile court found that the conditions that justified the initial assumption of jurisdiction "no longer exist and are not likely to exist if supervision is withdrawn." Therefore, the court terminated its jurisdiction with a custody order "awarding joint legal custody with [M]other having sole physical custody with monitored visitation for [F]ather."

On April 23, 2021, we informed the parties that we proposed to take judicial notice of the juvenile court's order terminating jurisdiction and that we intended to dismiss the appeal as moot unless Mother filed a brief showing cause why the appeal should not be dismissed.

On May 4, 2021, Mother, through counsel, informed this court that she did not oppose our taking judicial notice of the juvenile court's April 21, 2021 order and was "prepared to concede the mootness of [her] appeal."

3

Pursuant to Evidence Code sections 452, subdivision (h), and 459, subdivision (a), the court takes judicial notice of the juvenile court's April 21, 2021 order terminating its jurisdiction.

"As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) Although there are exceptions to this general rule, Mother does not contend that any exception applies here, and none appears from our record.

Accordingly, Mother's appeal is dismissed.

**DISPOSITION**

The appeal is dismissed.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


FEDERMAN, J.*

---

**\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.